PEOPLE ex rel. SCHOTT v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

MANDAMUS (§ 155*)—PLEADING—AMENDMENT—RIGHT TO.

On May 2, 1911, relator sued to procure his reinstatement in a municipal civil service position from which he was discharged December 5, 1910, the discharge being claimed to have been made to conform to the budget allowance for 1911. On June 28, 1911, relator filed an affidavit setting forth that on June 24, 1911, he discovered for the first time that on December 7, 1910, another person had been appointed to perform relator's duties at an increased salary for political purposes and in violation of the civil service rules and statutes. *Held*, that relator was guilty of no laches and should have been permitted to include as part of his moving papers the matter set up in the affidavit; respondent being entitled to time within

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which to file his answer and affidavits, whereupon relator may have leave to renew his application for an alternative writ.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 155.*]

Appeal from Special Term, New York County.

Application by the People of the state of New York, on relation of William H. Schott, for mandamus against William A. Prendergast, Comptroller of the City of New York. From an order denying a motion to amend the petition for a peremptory writ and for an alternative writ upon the petition as amended, relator appeals. Reversed, and order directed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Edwin W. Cady, for appellant.
Harry Crone, for respondent.

DOWLING, J. The relator was appointed on July 23, 1902, a deputy auditor in the department of finance, a position then in the classified competitive civil service; he so remained until March 1, 1903, when the title of his position was changed to that of examiner, which also was in the classified competitive civil service. He was still discharging the duties of the latter office when on December 5, 1910, he was notified by the comptroller that "in the interests of a more economical administration of the department of finance (comptroller's office) and in order to conform to the Budget allowance as made for the year 1911, which contains no provision for your salary," the services of relator would cease at the close of business December 31, 1910. Relator avers that the annual departmental estimate for 1911, as confirmed by the board of aldermen of the city of New York, did appropriate a sufficient sum for the payment of the salaries of all employés holding classified competitive positions under civil service therein, including the relator, and that there is a balance left from the fund so appropriated. Relator duly presented himself for duty on January 3, 1911, the first working day after December 31, 1910; but he was told his services were no longer required. On May 2, 1911, he commenced this proceeding; his petition setting forth the foregoing facts, among others, and further claiming that persons in the exempt class whose salaries aggregated more than that of relator had been employed in the department at the time of his dismissal, and that his attempted dismissal was unlawful. The comptroller duly answered the charges made in the petition; his affidavit stating that he had abolished in good faith the position held by relator, and that such abolition was part of a general plan to effect economies in the department of finance.

On June 30, 1911, relator obtained an order to show cause why an alternative writ of mandamus should not be issued and why there should not be consolidated with and made a part of the moving papers an affidavit made by relator on June 28, 1911. In this affidavit he set forth that on June 24, 1911, he fully discovered for the first time that on December 7, 1910, the comptroller had appointed one Stephen

Wickham a deputy auditor (which is a position in the exempt class) to perform the identical duties of relator and at an annual salary larger by $300 than that of relator. He further avers therein that the appointment of Wickham was for political purposes, in violation of the civil service rules and statutes.

We are of opinion that under the circumstances relator was guilty of no laches, and that he should be permitted to have included as part of his moving papers on the original application the supplemental affidavit in which is set up the new matter referred to. The comptroller should then be given time within which to file his answering affidavits, whereupon relator may have leave to renew his application for an alternative writ of mandamus, if he be so advised.

The order appealed from should therefore be reversed, without costs, and an order entered in accordance with the views herein expressed. All concur.